UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN THE MATTER OF** | ) |
| | ) |
| **DARRYL SWINDLE,** | ) Chapter 13 |
| | ) |
| Debtor, | ) Case No. 17-18575 |
| | ) |

**APPELLANTS' STATEMENT OF ISSUES AND
DESIGNATION OF RECORD ON APPEAL**

Ebony Lucas, submits this Statement of Issues and Designation of Record on Appeal pursuant to Rule 8006 of the Federal Rules of Bankrtuptcy Procedure, with respect to her Appeal from the Memorandum and Opinion entered February 7, 2018 and

1. On May 19, 2017, a forcible entry and detainer action was filed in the Circuit Court of Cook County. Debtor, Darryl Swindle, was served on June 15, 2017. Trial was held on June 23, 2017. Debtor failed to appear and an ex- parte default judgment was entered.

2. Following entry of the default judgment, Creditor, Parkside Place Condominium Association received notice, through its counsel, The Property Law Group, LLC, of a Chapter 13 Bankruptcy filed.

3. On July 12, 2017, counsel went into the Circuit Court of Cook County and requested that the case be stricken from the call and future action because of the bankruptcy filing. This request was noted in the court record.

4. On October 16, 2017, counsel for Parkside Place Condominium Association received a call from the Cook County Sheriff's Department to inform her of a scheduled eviction. She sent an email to Parkside Place Condominium Association regarding the scheduled eviction.

5. Counsel subsequently received an email and telephone call from Debtor's attorney informing her of the pending bankruptcy and stay. Counsel informed Debtor's attorney that she was not in the office and needed to review the file and would follow up in the morning.

6. On the morning of October 17, 2017, Counsel for Parkside Place Condominium Association reviewed the file and contacted the sheriff's department to cancel the eviction. An email was sent to counsel for Debtor at 10:00am informing them of the cancellation.

7. Counsel for Parkside Place Condominium Association subsequently filed a Motion to Lift the Stay on October 20, 2017 on the basis that the debtor had not made any payments since filing the bankruptcy. The Notice of Motion was not properly filed, so this Motion was re-filed with proper Notice of Motion on November 1, 2017.

8. Counsel for Debtor filed a Motion for Sanctions Against Ebony Lucas for Violation of the Automatic Stay on October 21, 2017.

9. After the motion was filed, Debtor made the post- bankruptcy payments and brought the account current.

10. On November 6, 2017, the parties appeared in court and the court entered the Petition for Rule to Show Cause and scheduled the matter for hearing on November 27, 2018. Based upon the payments made by Debtor, the Motion to Lift Stay was denied.

11. The parties appeared on November 27, 2018 at 9:30am, however, Lucas while waiting for the case to be called, Lucas was informed her of an emergency at her child's school and was forced to leave court at approximately 12:30pm. The case had not yet been called at that time. Lucas attempted to speak with the court clerk to inform them of the emergency and was not allowed to do so. She then left a voicemail for the clerk from the court hallway phone, and provided a written note regarding the emergency to the clerk.

12. Despite these attempts, the court granted the Motion for Sanctions and set the matter for prove up on December 11, 2017. The matter was continued for hearing on December 18, 2017.

13. On November 29, 2017, Lucas filed a Motion to Vacate.

14. On December 11, 2017, the parties appeared and the matter was continued for hearing on December 18, 2017.

15. On December 13, 2017, the struck the December 18, 2017 and Court continued the matter for evidentiary hearing to January 8, 2018. The docket stated that "Witness List" were due by December 28, 2017. There was an order attached to the docket which also provided that Exhibits were due. Relying upon the docket statement, however, and having no other witnesses, Lucas failed to file any Exhibits by December 28, 2017.

16. On the date of hearing, the court barred Lucas from presenting any Exhibits, including Exhibits provided by Debtor, since she did not file any Exhibits by the date set forth in the order.

17. At hearing, Lucas requested that the court take judicial notice of the Cook County Circuit Court half sheet which showed that Lucas had, in fact, stricken the case from the call on July 12, 2017. The court reviewed the half sheet and noted that the judge wrote that the case was stricken due to a bankruptcy filing.

18. The court also reviewed a post card from the Cook County Sheriff dated in August 2017 which stated that the eviction was cancelled due to a bankruptcy filing.

19. After hearing, the court found a violation of the automatic stay and entered emotional distress, punitive damages, and attorney fees.

20. Lucas filed a Motion for Reconsideration. The court subsequently denied that Motion and entered final judgment.

21. Lucas timely filed a Notice of Appeal on April 28, 2018.

## LUCAS' STATEMENT OF ISSUES ON APPEAL

22. Lucas seeks to address the following issues:

   a. Did the Bankruptcy Court err in refusing to admit or consider evidence at the evidentiary hearing that included Court, Cook County Sheriff's Department records, and email communications between the parties which did not pose any surprise or prejudice to Debtor?

   b. Did the Bankruptcy Court err in finding a violation of the automatic stay where an order was entered without knowledge of the bankruptcy and subsequently the matter was stricken from the call by the Creditor when notice was received?

   c. Did the Bankruptcy Court err in finding that there was "egregious" conduct where the alleged violations occurred as a result of error and the errors were corrected by the attorney within a 24 hour time period?

   d. Did the Bankruptcy Court err in finding a violation of the automatic stay where contact regarding the eviction was an error and was corrected by the creditor within a 24 hour time period?

   e. Did the Bankruptcy Court err in granting emotional distress damages where there were no documents, evidence, or testimony regarding emotional distress?

   f. Did the Bankruptcy Court err in granting punitive damages where the alleged violation was in error and was corrected by the Creditor prior to the filing of the Motion for Sanctions?

g. Did the Bankrtuptcy Court err in granting punitive damages where it failed to apply the 4- part test?

h. Did the Bankruptcy Court err in granting attorney fees where the attorney fees were not actual damages and there was no documents or evidence that attorney fees were ever due and owing by the Debtor?

### LUCAS' DESIGNATION OF RECORD ON APPEAL

23. The following table shall constitute Appellant's designation:

| Item No. | Dkt. No. | Document |
|---|---|---|
| 1 | 2 | Chapter 13 Plan Filed by Rae Kaplan on behalf of Darryl N. Swindle (Entered: 06/20/2017) |
| 2 | 8 | Notice of Chapter 13 Bankruptcy Case (Entered: 06/21/2017) |
| 3 | 16 | Notice of Motion and Motion for Relief from Stay as to 1430 E 69th St Unit 3S Chicago 60637. (Entered: 10/19/2017) |
| 4 | 19 | Notice of Motion and Motion For Sanctions against Ebony Lucas for Violation of the Automatic Stay, Notice of Motion and Motion for Rule to Show Cause Rule to Show Cause and for Sanctions Filed by Adam R Quigley on behalf of Darryl N. Swindle. (Entered: 10/20/2017) |
| 5 | 25 | Notice of Motion and Motion for Relief from Stay as to 1430 E 69th St Unit 3S Chicago 60637. (Entered: 11/01/2017) |
| 6 | 29 | Order for Rule to Show Cause and for Sanctions IT IS HEREBY ORDERED: 1. A Rule to Show Cause, with a return date of November 27, 2017 at 11:00am, is issued as to why Ebony Lucas and Property Law Group should not be held in contempt of court for violations of the automatic stay; and 2. Ebony Lucas, Property Law Group, Parkside Place |

|    |    |    |
|----|----|----|
|    |    | Condominium Association, and anyone acting in concert with, or on behalf of those entities, are enjoined from any taking any actions or making any attempts to evict the Debtor from his condominium unit until a final resolution is reached in this matter. Hearing scheduled for 11/27/2017 at 11:00 AM at 219 South Dearborn, Courtroom 680, Chicago, Illinois 60604. Signed on 11/6/2017. (Cabrales, Claudia) Modified on 11/7/2017 to correct docket text (Sullivan, Elizabeth). (Entered: 11/06/2017) |
| 7  | 30 | Order Denying Motion for Relief from Stay (Entered: 11/06/2017) |
| 8  | 34 | Notice of Motion and Motion to Vacate Filed by Ebony Lucas on behalf of Ebony Lucas. (Entered: 11/29/2017) |
| 9  | 38 | Hearing Continued hearing scheduled for 12/18/2017 at 11:00 AM at Courtroom 680 219 South Dearborn, Chicago, IL, 60604.. Signed on 12/11/2017. (Green, Josephine) (Entered: 12/11/2017) |
| 10 | 40 | Order Scheduling (RE: 36 Motion for Sanctions/Damages for Violation of the Automatic Stay). Evidentiary hearing scheduled for 1/8/2018 at 01:00 PM at 219 South Dearborn, Courtroom 680, Chicago, Illinois 60604. Witness List due by 12/28/2017. The December 18, 2017 hearing herein is stricken. Signed on 12/13/2017 (Cabrales, Claudia) (Entered: 12/13/2017) |
| 11 | 41 | Hearing Continued (Reset) (Entered: 12/13/2017) |
| 12 | 48 | Memorandum Opinion (Entered: 02/07/2018) |
| 13 | 54 | Notice of Motion and Motion to Vacate (related documents 33 Order Scheduling) Filed by Ebony Lucas on behalf of Ebony Lucas. (Entered: 03/19/2018) |
| 14 | 57 | Order Granting Application For Compensation, Denying Motion To Vacate (Reconsideration) (Entered: 03/30/2018) |

| 15 | 60 | Notice of Appeal to District Court. Filed by Ebony Lucas on behalf of Ebony Lucas. Fee (Entered: 04/28/2018) |

RESPECTFULLY SUBMITTED,

By: *Ebony Ann Lucas*
Ebony Lucas

Ebony Lucas
The Property Law Group, LLC
Attorney No.: 6292082
641 E. Pershing St. Ste. E
Chicago, IL 60653
elucas@plgesq.com